IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEBORAH BAXTER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br>Civil Case No. 2:09-CV-1092 TS<br><br>Criminal Case No. 2:08-CR-266 TS |

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On May 7, 2008, Petitioner and her co-defendants were named in an 11-count Indictment charging bank fraud, aggravated identity theft, possession of stolen mail, and possession of document-making implement. On November 20, 2008, Petitioner pleaded guilty to one count of

1

bank fraud and one count of aggravated identity theft. Petitioner was sentenced, on March 31, 2009, to a term of 54 months imprisonment.

## II. DISCUSSION

Petitioner makes four arguments in her § 2255 Motion. First, Petitioner argues that the Court erred in determining the loss amount and violated Fed.R.Crim.P. 32. Second, Petitioner argues that she did not have the opportunity to review the presentence report. Third, Petitioner argues that her counsel was ineffective. Finally, Petitioner requests a downward departure based on extraordinary circumstances.

A.     LOSS AMOUNT/RULE 32

Petitioner's initial Motion argues that the Court erred in determining the loss amount. Petitioner argues that the Court should have used the actual loss amount, rather than the intended loss amount. Petitioner also seeks to challenge alleged errors in the presentence report under Fed.R.Crim.P. 32(c)(3)(D).

The Tenth Circuit has held "that Rule 32(c)(3)(D), standing alone, cannot provide a district court with jurisdiction to hear challenges to a presentence report once sentence has been imposed."[1] Thus, the Court lacks jurisdiction to consider Petitioner's challenges under Rule 32(c)(3)(D).

Petitioner has filed her Motion under § 2255. Therefore, the Court may consider Petitioner's challenges under that provision. Section 2255 petitions, however, are not available

---

[1] *United States v. Warner*, 23 F.3d 287, 290 (10th Cir.1994).

2

to test the legality of matters which should have been raised on direct appeal.² If an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."³

In this matter, Petitioner did not pursue a direct appeal and, thus, did not raise her challenges to the loss amount and the presentence report. As a result, Petitioner's challenge to the accuracy of the presentence report is barred unless she can show either cause and prejudice or a fundamental miscarriage of justice. Petitioner has made no attempt to make any such showing. Therefore, the Court finds that Petitioner's challenges to the presentence report are barred.

B.   REVIEW OF THE PRESENTENCE REPORT

Petitioner next argues that she did not have an opportunity to review the presentence report. Under Rule 32(i)(1)(A), the Court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report."⁴ The Court did so here. The Court confirmed that a copy of the presentence report was made available to Petitioner and that she had a chance to review it.⁵ Thus, the Court must reject Petitioner's

---

²*United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987).

³*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also United States v. Frady*, 456 U.S. 152, 167-68 (1982).

⁴Fed.R.Civ.P. 32(i)(1)(A).

⁵Docket No. 107, at 3:18-23.

3

argument to the contrary. Further, this claim is barred because Petitioner failed to raise it on direct appeal.

C.  INEFFECTIVE ASSISTANCE

Petitioner alleges that her counsel was ineffective for failing to object to the loss amount and failing to object to other alleged errors in the presentence report.

"To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[6] To successfully claim ineffective assistance then, Petitioner must show two things. First, she must show that counsel's performance was deficient.[7] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [Petitioner] by the Sixth Amendment."[8] Second, she must show that counsel's deficient performance prejudiced Petitioner's defense.[9] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable."[10] Without both of these showings, Petitioner may not prevail in arguing that his

---

[6]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[7]*Strickland*, 466 U.S. at 687.

[8]*Id*.

[9]*Id*.

[10]*Id*.

4

conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[11]

A court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[12] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[13] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[14]

Petitioner argues that counsel was ineffective because he failed to object to the loss amount. This argument, however, is contradicted by the record. Counsel did object to the loss amount and the government ultimately agreed that the ten-level enhancement originally called for in the presentence report should not apply. The parties agreed that a four-level enhancement, rather than a ten-level enhancement, was appropriate in this case. Based on this, the Court cannot find that counsel's performance was deficient.

Petitioner also argues that counsel was ineffective in failing to object to allegedly inaccurate information in the presentence report. Specifically, Petitioner states that the presentence report stated that evidence was found at her home. Petitioner states that she did not

---

[11]*Id.*

[12]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[13]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[14]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

own or live at the home where evidence was found. Even assuming the failure to object to this information constituted deficient performance, Petitioner has provided nothing to suggest that she was prejudiced. Therefore, the Court must reject Petitioner's ineffective assistance claims.

D.   EXTRAORDINARY CIRCUMSTANCES

Petitioner's final argument in support her Motion is that her sentence should be reduced based on extraordinary circumstances. Petitioner brings to the Court's attention that her son recently passed away. The Court is sympathetic to Petitioner's loss. However, it does not provide a basis to reduce her sentence.

## III.   CONCLUSION

It is therefore

ORDERED that Petitioner's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Docket No. 1 in Case No. 2:09-CV-1092 TS) is DENIED.

The Clerk of the Court is directed to close Case No. 2:09-CV-1092 TS forthwith.

DATED   September 27, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge